# IN THE COURT OF COMMON PLEAS
# GENERAL DIVISION
# FRANKLIN COUNTY, OHIO

| | |
|---|---|
| KAREN HEETER, as administrator of the Estate of Bill G. Heeter, Deceased; JONATHAN HEETER, individually and as heir to Bill G. Heeter, Deceased; STEPHANIE HEETER, individually and as heir to Bill G. Heeter, Deceased; and BRANDON HEETER, individually and as heir of Bill G. Heeter, Deceased, **C/O BRIAN G. JONES, ESQ.** The Law Office of Brian Jones, LLC 52 North Sandusky Street Delaware, Ohio 43015 **PLAINTIFFS**, v. **KENNETH BOWERS, individually and in his capacity as Employees of the City of Columbus, Ohio** C/O Columbus Police Department 120 Marconi Boulevard Columbus, OH 43215, And **COLUMBUS POLICE DEPARTMENT** 120 Marconi Boulevard Columbus, OH 43215 **DEFENDANTS.** | CASE NO. JUDGE **COMPLAINT FOR DAMAGES** |

## COMPLAINT

EXHIBIT 1

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Nov 24 9:18 AM-20CV007578
0F329 - I41
Case: 2:20-cv-06131-ALM-EPD Doc #: 1-1 Filed: 12/18/20 Page: 2 of 91 PAGEID #: 5

## I. PRELIMINARY STATEMENT

1. This Civil Rights, Assault, Battery, and Wrongful Death action challenges the fatal shooting of Bill G. Heeter (herein, Bill Heeter) by Columbus Police Officer Kenneth Bowers (herein, Defendant Bowers) on November 21, 2018. Bill Heeter was suffering mental distress and had expressed suicidal thoughts. Seven Officers and Defendant Bowers confronted Bill Heeter and Defendant Bowers fired multiple shots at Bill Heeter without cause and without adequate investigation. Roughly twenty minutes passed without any medical care provided to Bill Heeter, who lay on the ground alive, bleeding, and handcuffed. Bill Heeter was pronounced deceased at 10:57 AM at Grant Medical Center. The Coroner's report indicated that Bill Heeter died from a gunshot wound to the chest after being shot in the chest, right shoulder, right forearm, and right flank. Plaintiffs bring this civil rights and state law action to secure fair compensation and to help end the violence perpetrated by Columbus City Police Officers against members of the community suffering mental distress.

## II. PARTIES

2. Plaintiff Karen Heeter is the Administrator of the Estate of Bill G. Heeter, and brings this action for the benefit of his Estate and Heirs:

3. Jonathan Heeter, individually and as heir to Bill G. Heeter.

4. Stephanie Heeter, individually and as heir to Bill G. Heeter.

5. Brandon Heeter, individually and as heir of Bill G. Heeter.

6. Defendant Kenneth Bowers was at all times relevant to this action a law enforcement officer employed by the Columbus Police Department. Defendant Bowers is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. He is sued individually and in his official capacity an employee of the City of Columbus.

7. Defendant Columbus Police Department of Columbus, Ohio, is a unit of local government and law enforcement organized under the laws of the State of Ohio. Defendant Columbus Police Department is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

### III.   FACTS

8. On November 21, 2018, Bill G. Heeter was a fifty-two-year-old father and husband residing in the City of Columbus, at 370 S. Yale Avenue, Columbus, OH 43204 with his wife Plaintiff Karen Heeter (then 49 years old), his son Plaintiff Jonathan Heeter (then 21 years old), daughter Plaintiff Jennifer Heeter (then 19 years old), and son Plaintiff Brandon Heeter (then 17 years old). Bill Heeter's niece, Brittany Bernard (then age 26 years old) was also present in the Heeter home on November 21, 2018.

9. On November 21, 2018 at roughly 9:00 AM, Plaintiff Karen Heeter called Franklin County 911 Dispatch and reported that her husband had been making suicidal statements about jumping in front of a bus.

10. Sergeant Steven Redding, Columbus Police Department, and some additional officers responded to the Heeter family home, located at 370 S. Yale Avenue, Columbus, OH 43204. The Officers searched the area but were unable to locate Bill Heeter and left the scene.

11. On November 21, 2018 at roughly 9:58 AM, Franklin County 911 Dispatch received a call from a relative of Bill Heeter, alleging that Bill Heeter was home, suicidal, not in his right mind, possibly in possession of a firearm, and in need of someone to talk to him or of a negotiator.

12. On November 21, 2018, at 10:01 AM, Defendant Kenneth Bowers, along with Sergeant Joseph Horton, Sergeant Steven Redding, Officer Linda Gibson, Officer Robert Bruce,

Page 3 of 13

Officer Scott Stasheen, Officer Matt Baldwin, Officer John Miles, Officer Jeremy Gilbert, and Officer Stephen O'Brien of the Columbus Police Department arrived at 370 S. Yale Avenue.

13. Officers, including Defendant Bowers, arrived at 370 S. Yale Avenue and Plaintiff Karen Heeter came to the front of the house and informed the officers that Bill Heeter had threatened to kill himself, that he was inside the house with a gun, and that "he'll put the gun down if you guys leave." Officer Gibson ordered Plaintiff Karen Heeter out of the home.

14. Multiple Officers, including Officer Bruce, Officer Gibson, and Defendant Bowers approached the front door of the home and found Bill Heeter seated at his dining room table smoking a cigarette. The Officers ordered Bill Heeter to come out of the house.

15. Sergeant Steven Redding was able to see Bill Heeter partially through a window and informed the other officers that Bill Heeter had a gun in his hand pointed down at the floor. Some of the other officers positioned away from the door had difficulty seeing Bill Heeter's hands through the window because two cats were present, and one cat was in the way.

16. The officers continued ordering Bill Heeter to put the gun on the table and come out of the house. One officer told Bill, "Let us help you." Bill Heeter responded, "I don't need help." The Officers continued yelling at Bill Heeter to come out. Officer Bruce asked the other officers asked, "Where's the gun." One of the officers said he couldn't see it, before a different officer said, "He put it on the table." Defendant Bowers then said, "You guys ready. Let's move in and take it before he gets it."

17. Over seven officers then entered Bill Heeter's home with their weapons drawn. Officer Bruce, Officer Gibson, and Sergeant Steven Redding stood near the entryway between the dining room and living room. Officer Bowers stood with his rifle drawn by the wall

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Nov 24 1:38 PM-20CV007578
0F329 - I44
Case: 2:23-cv-00481-ALM-EPD Doc #: 1-1 Filed: 01/31/23 Page: 264 of 918 PAGEID #: 788

separating the dining room from the living room. Bill Heeter was standing near the corner of his dining room. There were two black cats on the table.

18. The officers instructed Bill Heeter to walk away from the table and towards the corner of the room with his hands up. The officers mentioned Bill Heeter's wife and kids and told him they were here to help him. Bill Heeter remained silent during the interaction until after some time he told the officers, "You guys are really starting to tick me off." One of the officers said, "Bill just show us your hands, we'll get you some help." Bill Heeter responded, "I don't want no help." One of the officers then said, "we'll help you out." Bill Heeter responded, "I just want you guys to go, then I'll put the gun down and won't touch it no more." The officer said "No, it doesn't work that way, Bill."

19. Officer Bruce's body camera footage then shows Bill Heeter move slightly towards one of the black cats and lean forward with nothing in his left hand. Defendant Bowers then stated, "Where's the gun, I see the cat." About a second later, Defendant Bowers fired five shots in quick succession from his rifle at Bill Heeter.

20. Bill Heeter received multiple gunshot wounds and fell to the floor face down. None of the officers' body camera footage shows Bill Heeter pointing his gun towards the officers at any time. Defendant Bowers is the only officer who fired his weapon.

21. None of the officers reported seeing Bill Heeter holding a gun while they were in his home.

22. Defendant Bowers, who shot Bill Heeter five times, did not see a gun until it allegedly fell onto the floor near Bill Heeter's feet, **after** Officer Bowers shot Bill Heeter.

23. The item that one of the officers seemed to have thought was a gun on the table turned out to be a large lighter. Officer Gibson allegedly located a gun near Bill Heeter's feet after he collapsed and removed it from the house.

24. After Bill Heeter was repeatedly shot, he remained lying motionless on the ground moaning and gasping for air. The officers then handcuffed him. Bill Heeter silently bled out on his dining room floor while no officer rendered any form of assistance or medical aid, for roughly 20 minutes.

25. Columbus Fire Department was dispatched to the scene at 10:20:52 AM on November 21, 2018 and arrived on scene at 10:24:45. Finding Bill Heeter prone on the ground and handcuffed, paramedics observed that Bill Heeter had "no spontaneous respirations, a large blood clot stuck on his face…Pupils fixed and dilatated." Blood was observed to be flowing from multiple wounds. Bill Heeter was placed on a back board and CPR begun. Paramedics left to transport Bill Heeter to Grant Medical Center at 10:33:58 on November 21, 2018.

26. Bill Heeter was pronounced dead at 10:57 AM on November 21, 2018 by Dr. Michelle Kincade at the Grant Medical Center Emergency Department "after resuscitation was ceased."

27. A Coroner's Report was prepared by the Franklin County Coroner's Office after an examination and autopsy conducted on November 22, 2018. The Findings included: (1) Gunshot wound of the chest (penetration of the right lung); (2) Gunshot wound of the right shoulder (penetration of soft tissues, fracture of right clavicle, right-sided rib fractures); (3) Gunshot wound of the right forearm (penetration of soft tissues, fractures of the right radius and ulna); (4) Graze gunshot wound of the right flank; (5) Multiple superficial punctate abrasions of the right side of the chest, abdomen, and the right arm; (6) Recent medical therapy (emergent bilateral thoracotomy.)

28. The Coroner's Report determined the cause of death to be a Gunshot wound of the chest and the manner of death to be a homicide.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2023 Mar 20 4:13 PM-20CV007578
0F329 - I46
Case: 2:20-cv-03181-ALM-EPD Doc #: 1-1 Filed: 03/18/20 Page: 7 of 13 PAGEID #: 10

29. A toxicology screen revealed Bill Heeter had no narcotics, alcohol, or illicit substances in his blood or urine; only nicotine and nicotine metabolites were present in his system at the time of his death.

30. While Bill Heeter was attended by medical personnel, a review of the scene was conducted revealing that Defendant Bowers fired his Colt M16 A-1 5.56 caliber Patrol rifle five times.

31. The gun allegedly located at the scene and removed by Officer Gibson was tested and found to have never been fired and inspection identified fresh damage to the front slide of the firearm.

32. Once paramedics had removed Bill Heeter from his dining room floor, the officers on scene located and removed the family members present in the home at 370 S. Yale Avenue.

33. Plaintiff Jonathan Heeter was removed from the basement of 370 S. Yale Avenue, where he had heard the entire interaction of the officers with his father, Bill Heeter, and heard the volley of fatal shots fired in his family home as well as waiting in fear and anguish for medical personnel to arrive and help his father.

34. Plaintiff Stephanie Heeter, Plaintiff Brandon Heeter, and Brittany Bernard were located in the upstairs bedrooms of 370 S. Yale Avenue, where all three had likewise heard the entire interaction of the officers with their father and uncle, Bill Heeter, and heard the volley of fatal shots fired in their home, as well as waiting in fear and anguish for medical personnel to arrive and help their father and uncle.

35. Plaintiff Karen Heeter witnessed and heard the fatal shooting of her husband Bill Heeter from the outside of her home, by the very officers she had called begging to helpf Bill Heeter. Plaintiff Karen Heeter was further traumatized by the pool of Bill Heeter's blood left on the floor of the family dining room that she found upon re-entering her home. She is haunted by the trauma of having to clean the blood from the floor before allowing her

Page 7 of 13

Case: 2:20-cv-06131-ALM-EPD Doc #: 1-1 Filed: 11/18/20 Page: 28 of 93 PAGEID #: 78
Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Apr 13 1:43 PM-20CV002781
0F329 - I47

children to come back into their home; as well as tortured by her decision to seek help from the Columbus Police Department for Bill Heeter. She continues to suffer metal distress, anguish, and PTSD.

36. Plaintiffs Jonathan, Stephanie, and Brandon Heeter had been negatively impacted by hearing their father's death and have needed counseling to help deal with their grief and PTSD.

37. Plaintiffs have been collectively harmed economically by the death of Bill Heeter and have struggled to pay bills, expenses, and rent without Bill Heeter's contribution to the household in the form of disability benefits.

38. At all times relevant to this action, Defendant Bowers acted within the scope of his duties as a Columbus Police Officer.

39. At no time did Defendant Bowers have probable cause to arrest Bill Heeter.

40. At all times relevant to this action, Defendant Bowers acted unreasonably, negligently, recklessly, wantonly, willfully, knowingly, intentionally, and with deliberate indifference to the safety and rights of Bill Heeter when he confronted him in an aggressive manner, used deadly force on him, and failed to secure timely medical assistance on November 21, 2018.

41. Defendant Bowers is not protected by R.C. 2744.03(A)(6)(b) because he has forfeited immunity by actions and omissions that were "with malicious purpose, in bad faith, or in a wanton or reckless manner."

42. Defendant Bowers acted recklessly by exhibiting a "conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Anderson v. City of Massillon*, 134 Ohio St.3d 380. 2012-Ohio-5711, ¶ 23.

43. Defendant Columbus Police Department's policies, patterns, practices, customs, and usages regarding the use of force against subjects in mental crisis were the moving force behind the use of force and proximately caused Bill Heeter's suffering and death.

44. Defendant Columbus Police Department failed to adequately train and supervise Defendant Bowers regarding use of force and that failure to train and supervise was a moving force behind the use of force and proximately caused Bill Heeter's suffering and death.

45. Defendant Columbus Police Department has a policy, practice, and custom of failing to adequately investigate and discipline police officers who use excessive force on citizens. This policy, practice, and custom was the moving force behind the excessive force used against Bill Heeter and proximately caused his suffering and death.

46. Defendant Columbus Police Department has a policy, practice, and custom of allowing officers to use excessive force, failing to supervise officers to reduce excessive force, and failing to train officers to resolve encounters with citizens experiencing a mental crisis without using excessive force. That policy, practice, and custom was the moving force behind the excessive force used against Bill Heeter and proximately caused his suffering and death.

47. The policies, practices, and customs described above have been the subject of federal civil rights investigations and previous lawsuits. These policies, practices, and customs have been perpetuated by the line officers including Defendant Bowers, policy makers, and those responsible for hiring, training, and supervision of police officers within the Columbus Police Department, who have all acted negligently, recklessly, intentionally, knowingly, and with deliberate indifference to the serious safety needs of the citizens of Columbus, including Bill Heeter.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2020 Nov 20 4:19 PM-20CV007578
0F329 - I49
Case: 2:20-cv-06081-ALM-EPD Doc #: 1-1 Filed: 11/18/2020 Page: 10 of 91 PAGEID #: 13

48. As a direct and proximate result of the conduct of Defendants Bowers and Columbus Police Department, Bill Heeter suffered terror and fear as he was confronted by seven officers with guns drawn. Bill Heeter suffered physical injury, pain, torture, emotional and psychological trauma, and eventually died as the result of the use of force and failure to provide adequate medical care described above.

49. As a further direct and proximate result of Bill Heeter's wrongful death, Bill Heeter's survivors, next of kin, and heirs have suffered permanent damages, including but not limited to: grief, depression, PTSD, and severe emotional distressed. They have incurred funeral bills and other expenses and will incur additional expenses in the future.

### IV. FIRST CLAIM FOR RELIEF: 42 U.S.C. § 1983

50. Plaintiffs incorporate the above paragraphs as if fully re-written herein.

51. 2 U.S.C. § 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

52. The Ohio Supreme Court has summarized the elements of a § 1983 claim in *St. Clair Corp. v. City of Cleveland*, 49 Ohio St.3d 33, 550 N.E.2d 456 (1990): "To establish such a claim, two elements are required: (1) the conduct in controversy must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States."

53. Defendants have, under color of law, deprived Bill Heeter of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution including the right to be free from unreasonable searches and seizures without

Page 10 of 13

probable cause, the right to be free of and from the use of excessive force, and the right to adequate medical care while in custody.

54. The actions of the Defendant CPD Officers constitute violations of 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

55. Defendant Columbus Police Department failed to adequately train Defendant Bowers because the training received by Defendant Bowers was inadequate. There is an obvious need to train officers to refrain from the use of excessive force and a failure to discipline officers who have used excessive force, and the inadequate training and lack of discipline by Defendant Columbus Police Department was the moving force behind Bill Heeter's injuries.

## V. SECOND CLAIM FOR RELIEF: ASSAULT

56. Plaintiffs incorporate the above paragraphs as if fully re-written herein.

57. The tort of assault consists of "the willful threat or attempt to harm or touch another offensively, which threat or attempt reasonably places the other in fear of such contact. The threat or attempt must be coupled with a definitive act by one who has the apparent ability to do the harm or to commit the offensive touching." *Smith v. John Deere Co.*, 83 Ohio App.3d 398, 406, 614 N.E.2d 1148 (1993).

58. Defendant Bowers intentionally and maliciously applied unlawful and unnecessary force against Bill Heeter.

## VI. THIRD CLAIM FOR RELIEF: BATTERY

59. Plaintiffs incorporate the above paragraphs as if fully re-written herein.

60. The tort of assault consists of an "intentional, unconsented-to touching." *Anderson v. St.Francis-St. George Hosp. Inc.*, 77 Ohio St.3d 82, 83, 671 N.E.2d 225 (1996).

61. Defendant Bowers intentionally and maliciously threatened to apply unlawful and unnecessary force against Bill Heeter.

## VII. FOURTH CLAIM FOR RELIEF: WRONGFUL DEATH

62. Plaintiffs incorporate the above paragraphs as if fully re-written herein.

63. Defendants' actions caused the wrongful death of Bill Heeter resulting in damages recoverable under R. C. § 2125.02.

## VIII. JURY DEMAND

64. Plaintiffs request a jury trial on all claims triable to a jury.

## IX. PRAYER FOR RELIEF

WHEREFORE Plaintiffs request that this Court award:

A. Compensatory damages in an amount to be shown at trial.

B. Punitive Damages against Defendant Bowers.

C. Costs incurred in this action and reasonable attorney fees under 42 U.S.C. § 1988.

D. Prejudgment interest.

E. A Declaratory Judgment requiring Defendant Columbus Police Department to provide all officers, including dispatchers, complete Crisis Intervention Team Training such as that recommended by National Alliance on Mental Illness of Franklin County, and to keep and maintain records of such trainings in personnel files, and to require additional training as deemed necessary.

F. Declaratory Judgment requiring Defendant Columbus Police Department to increase the Columbus Police Department Mobile Crisis Response Unit hours, from 2:00 PM to Midnight to 24 Hours, every day.

G. Such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

| | |
|---|---|
| */s/ Brian G. Jones* | */s/ Elizabeth E. Osorio* |
| BRIAN G. JONES, ESQ. (0081724) | ELIZABETH E. OSORIO, ESQ. (0090495) |
| THE LAW OFFICE OF BRIAN JONES, LLC | THE LAW OFFICE OF BRIAN JONES, LLC |
| 52 North Sandusky Street | 52 North Sandusky Street |
| Delaware, OH 43015 | Delaware, OH 43015 |
| O: 740-363-3900 | O: 740-363-3900 |
| F: 614-467-2083 | F: 614-467-2083 |
| E: BGJ@TLOBJ.com | E: EEO@TLOBJ.com |
| *Counsel for Plaintiffs* | *Co-Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

The undersigned Attorney for Plaintiff hereby certifies that a true copy of the foregoing document was served upon the Defendants CPD Officers by certified mail to Attorney Jeffrey Furbee, Police Advisor, Section Chief, at 120 Marconi Blvd, 8th floor, Columbus, Ohio 43215 on this 20th day of November 2020.

*/s/ Elizabeth E. Osorio*
ELIZABETH E. OSORIO, ESQ. (0090495)
*Co-Counsel for Plaintiffs*