IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KAREN HEETER,** *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 2:20-cv-6481 |
| : | |
| v. : | Chief Judge Algenon L. Marbley |
| : | |
| **KENNETH BOWERS,** *et al.*, : | Magistrate Judge Elizabeth P. Deavers |
| : | |
| Defendants. : | |

## ORDER

This matter is before this Court on Defendants' Motion for Summary Judgment (ECF No. 21) following a limited remand from the Sixth Circuit "affirm[ing] the judgment of [this Court] in all but one respect": that this Court is "to grant the City (that is, Officer Bowers in his official capacity and the Columbus Police Department) summary judgment" on the Plaintiffs' state-law claims. (ECF No. 41 at 29).

Given the limited nature of the Sixth Circuit's remand, this Court considers only the Plaintiffs' state-law claims against Officer Bowers in his official capacity and the Columbus Police Department. Previously, "[t]his Court conclude[d] that the disputed facts could lead a reasonable jury to believe that Defendant Bowers acted in a wanton or reckless manner by using more force than was necessary to neutralize Mr. Heeter and failing to address his apparent and serious medical needs afterward," so "[t]his Court therefore **DENIE[D]** Defendants' motion for summary judgment on the state law claims." (ECF No. 37 at 34). On appeal, the Sixth Circuit clarified that the Plaintiffs' claims against the Columbus Police Department and Officer Bowers in his official capacity are effectively claims against the City of Columbus. (ECF No. 41 at 28). As the City "is entitled to [Ohio Revised Code ]§ 2744.02's 'broad grant of immunity' and therefore not liable for

1

any of the Heeters' state-law claims," summary judgment in the Defendants' favor is appropriate. *Id.* at 29). So, this Court **GRANTS IN PART** Defendants' Motion for Summary Judgment (ECF No. 21) as to the Plaintiffs' state-law claims against Officer Bowers in his official capacity and the Columbus Police Department. In line with the Sixth Circuit's directive, the rest of this Court's analysis on Defendants' Motion stands. (ECF No. 41 at 29).

    **IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 28, 2024**