IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **KAREN HEETER,** *et al.*, | : |
| Plaintiffs, | : Case No. 2:20-cv-6481 |
| v. | : Judge Algenon L. Marbley |
| **KENNETH BOWERS,** | : Magistrate Judge Elizabeth P. Deavers |
| Defendant. | : |

## **OPINION & ORDER**

This matter comes before this Court on Defendant's Motion in Limine (ECF No. 62) and Plaintiffs' Motion in Limine (ECF No. 65). For the following reasons, this Court **GRANTS IN PART** Defendant's Motion (ECF No. 62), and **GRANTS IN PART** Plaintiffs' Motion (ECF No. 65).

### I. BACKGROUND

This is a civil rights action brought under 42 U.S.C. § 1983 by Bill Heeter's three children and their mother (as the representative of Mr. Heeter's estate) against Columbus Police Officer Kenneth Bowers.[1] The Heeters allege that Officer Bowers used excessive force in violation of the Fourth Amendment when he shot and killed Mr. Heeter at the Heeters' residence on November 21, 2018, in response to a 911 call. The Heeters also claim that Officer Bowers violated Mr. Heeter's Fourteenth Amendment right to adequate medical care while in police custody because

---

[1] On February 18, 2025, Plaintiffs sought leave to amend their complaint, seeking to dismiss the Heeter children—"co-plaintiffs who lack their own claims and the capacity to sue on behalf of the Estate of Bill G. Heeter." (ECF No. 93 at 1). Because that motion is not fully briefed, and this Court has not ruled on it yet, this Court continues to consider the Heeter children among the plaintiffs in this lawsuit.

1

he stood idle after the paramedics were called, rather than provide the emergency first aid Mr. Heeter obviously needed.

On January 21, 2025, Defendant Bowers filed a motion in limine to exclude "evidence, testimony, statements, and/or arguments related to: (1) Plaintiff[s'] dismissed unlawful entry into home claim; (2) alleged bad tactics or planning that may have led to the use of deadly force; (3) Plaintiffs' dismissed municipal liability claims; (4) other incidents involving Officer Bowers; and (5) expert reports." (ECF No. 65). Plaintiffs also filed a motion in limine, seeking to exclude evidence of Bill Heeter's "past threats, allegations of abuse, involvement of child protective services, and other weaponry." (ECF No. 65). On February 3, 2025, Defendant opposed Plaintiffs' motion (ECF No. 77), and Plaintiffs partially opposed Defendant's motion (ECF No. 81). On February 18, 2025, this Court held a final pretrial conference, during which it issued oral rulings on the motions in limine and continued the trial date from February 24, 2025, to June 2, 2025. (ECF Nos. 94, 95). The reasoning for this Court's oral rulings on the motions in limine is set forth more fully herein.

## II. STANDARD OF REVIEW

Federal Rule of Evidence 104 requires courts to "decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible." Fed. R. Evid. 104(a). Motions in limine, which seek to exclude evidence ahead of trial, are an important tool "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). Generally, a court excludes evidence on a motion in limine "only when that evidence is determined to be clearly inadmissible on all potential grounds." *Tucker v. Nelson*, 390 F. Supp. 3d 858, 861 (S.D. Ohio 2019) (internal quotation marks and citation omitted). Only relevant evidence is admissible. Fed. R. Evid. 402; *Old Chief v. United States*, 519 U.S. 172,

178 (1997). Evidence is relevant if "it has any tendency to make a fact more or less probable," and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Although relevant, evidence may still be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice . . . means an undue tendency to suggest decision on an improper basis." Old Chief, 519 U.S. at 180 (internal quotation marks omitted).

To prevail on a motion in limine, the moving party must show that the evidence is clearly inadmissible. *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004). Where a court is unable to determine if the evidence meets this high standard, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Tucker v. Nelson*, 390 F. Supp. 3d 858, 861 (S.D. Ohio 2019); *see Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise.").

### III. LAW & ANALYSIS

#### A. Defendant's Motion in Limine

Defendant seeks to exclude "evidence, testimony, statements, and/or arguments" related to five topics: (1) Plaintiffs' dismissed unlawful entry into home claim; (2) Plaintiffs' dismissed municipal liability claims; (3) other incidents involving Officer Bowers; (4) expert reports; and (5) officers' alleged bad tactics or planning that may have led to the use of deadly force. (ECF No. 65).

3

Plaintiffs stipulate to the exclusion of evidence related to the first four topics. Accordingly, this Court **GRANTS** Defendant's motion to exclude: (1) evidence and arguments related to Plaintiffs' dismissed unlawful entry into the home claim; (2) evidence and arguments related to Plaintiffs' dismissed municipal liability claims; (3) evidence and arguments related to prior uses of force by Bowers; and (4) the expert reports.

As to the final topic, Plaintiff opposes the exclusion of "[e]vidence, comment, inquiry, or argument regarding alleged bad tactics or planning that may have led to Officer Bowers' use of deadly force." (ECF No. 81 at 3–4). According to Plaintiffs, the request is "too broad and overreaching." (*Id.*). Defendant, on the other hand, argues that this evidence is "irrelevant, confusing, and misleading," because when determining the reasonableness of an officer's use of deadly force, "the jury must only consider the 'split-second judgment' made immediately before the officer used the allegedly excessive force." (*Id.* (quoting *Livermore v. Lubelan*, 476 F.3d 397, 407 (6th Cir.2007)). As such, according to Defendant, the "policies and training regarding interacting with persons in mental health crisis are not relevant to the use of force analysis in this case because what matters is whether Officer Bowers had probable cause to believe that Mr. Heeter posed a serious threat of harm at the 'split second' that deadly force was used." (*Id.* at 4).

Plaintiffs maintain that the evidence is relevant because "[t]he broader issue under the Fourth Amendment is reasonableness," and "the totality of the circumstances bears on any potential justification of a police officer's use of force." (ECF No. 81 at 1–2). Plaintiffs also contend that "adequate background about the reasons police were called and the manner of their response" will provide jurors with "a factual presentation that will not leave them confused." (*Id.* at 2). Finally, Plaintiffs argue that Officer Bowers may attempt to use the commands given to Mr. Heeter "as a baseline to show that Bill was non-compliant and at fault for escalating the tense

situation." (ECF No. 81 at 2–3). According to Plaintiffs, "police officers should not be permitted to justify shooting someone by reference to that person's alleged violation of command-and-control tactics without jurors hearing that those tactics were never appropriate in the first place." (*Id.* at 3).

Defendant is correct that a plaintiff "cannot establish a Fourth Amendment violation based merely on bad tactics that result in a deadly confrontation that could have been avoided." *San Francisco v. Sheehan*, 135 S. Ct. 1765, 1777 (2015). *In Reich v. City of Elizabethtown*, the Sixth Circuit declined to engage in the "argument that the officers created the need to use deadly force by pursuing and initiating contact with [the decedent] despite his mental illness," noting that courts are required to "evaluate the use of force by focusing on the split-second judgment made immediately before the officer used allegedly excessive force, not on the poor planning or bad tactics that might have created the circumstances that led to the use of force." 945 F.3d 968, 978 (6th Cir. 2019). The law is the same for Plaintiffs' Ohio state-law claim, for which the relevant inquiry remains "whether [the officer], from his own perspective, reasonably had probable cause to believe that he [was] at imminent risk of serious physical harm when he fired his weapon." *Hayes v. Columbus*, No. 13AP-695, 2014-Ohio-2076, 2014 WL 2048176, at *11 (Ohio Ct. App. 2014).

Still, in analyzing an excessive force claim under the Fourth Amendment, a fact-finder "must give careful attention to the facts and the totality of the circumstances of the case." *Reich*, 945 F.3d at 978 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)). It is therefore conceivable that, depending on the circumstances, the officers' "policies and training regarding interacting with persons in mental health crisis" could be relevant for some purpose. Depending on the evidence, the policies and officers' training may be admissible for the limited purpose of rebutting testimony

that Mr. Heeter's alleged violation of command-and-control tactics justified the use of deadly force. The decision to admit or exclude rebuttal testimony remains within this Court's sound discretion. *See Benedict v. United States*, 822 F.2d 1426, 1428 (6th Cir. 1987).

This Court therefore **GRANTS IN PART** Defendant's motion and excludes arguments or evidence regarding alleged bad tactics or planning that may have led to Officer Bowers' use of deadly force, with the caveat that, if a party opens the door to any one of these topics, the admission of rebuttal evidence on that topic becomes permissible. This Court's rulings are subject to reconsideration depending on how the evidence and argument is developed at trial.

### B. Plaintiffs' Motion in Limine

Plaintiffs' motion in limine seeks to exclude evidence of Bill Heeter's "past threats, allegations of abuse, involvement of child protective services, and other weaponry"; "evidence of commendations or awards given to police-officer witnesses"; and "evidence of Officer Bowers' finances or any reference or argument about the source of indemnity." (*See generally*, ECF No. 65). As a preliminary matter, Officer Bowers notes that he does not intend to offer as evidence a "police report from 2011 alleging abuse against Bill Heeter and referring the case to Franklin County Children Service, or "evidence of other weaponry that was owned/possessed by Bill Heeter unless it is necessary to rebut evidence put in the record by Plaintiffs." (ECF No. 77 at 1 nn. 1, 2). Defendant Bowers also does not anticipate offering "evidence of his awards or commendations unless it becomes relevant as rebuttal evidence," or "evidence regarding his finances []unless it becomes relevant to rebut Plaintiffs' punitive damages claims[] or the source of indemnity." (*Id.* at 8).

Defendant further agrees that "information regarding past suicide attempts, threats, and allegations of abuse that he was *not* aware of prior to the shooting are not relevant to the jury's

6

analysis of the reasonableness of the use of force under *Graham v. Connor*." (ECF No. 77 at 1–2). He maintains, however, that this information is "relevant to the jury's consideration of damages," under Ohio's Wrongful Death statute, and "should be admitted for that purpose with a limiting instruction." (*Id.*). As this Court ruled at the final pretrial conference, Plaintiffs' motion is **GRANTED IN PART** as follows:

Bill Heeter's suicide threats leading up to, and on, November 21, 2018 are admissible if known by Officer Bowers at the time of the shooting. *See Graham*, 490 U.S. at 396- 97; *Dickerson v. McClellan*, 101 F.3d 1151, 1155 n.3 (6th Cir. 1996) (courts "must consider only the facts the officers knew at the time of the alleged Fourth Amendment violation") (citing *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)).

If this Court does not bifurcate trial on the issues of liability and damages,[2] Bill Heeter's suicide threats and past allegations of abuse that were *not* known by Officer Bowers at the time of the shooting are admissible only to the extent it is relevant to damages under Ohio's wrongful death statute. *See Weiner v. Kwiat*, 2003-Ohio-3409, ¶¶ 114-116 (suicidal tendencies, evidence that "offers a truthful view of some aspects of the decedent's life in the months before his death," and "evidence about family conflict" are admissible as relevant to value of claims for loss consortium); *Fields v. Dailey*, 68 Ohio App. 3d 33, 39, 587 N.E.2d 400, 404 (1990) (evidence relating to family relations is relevant to mental anguish damages). Any testimony or evidence presented for this purpose may be subject to a limiting instruction, if offered.

Evidence about other weapons located at the Heeters' residence, commendations or awards given to police-officer witnesses, and Officer Bowers' financial situation is not relevant to the

---

[2] The day before the final pretrial conference, Plaintiffs moved to bifurcate trial on the issues of liability and damages. (ECF No. 92). This Court established a briefing schedule to resolve the motion, which is not yet ripe for review. (*See* ECF No. 94).

excessive force analysis and carries a significant risk of unfair prejudice to Plaintiffs or confusion of the issues before the jury. Fed. R. Evid. 401, 403, 404. This Court therefore excludes evidence of other weaponry that was owned or possessed by Bill Heeter, unless necessary to rebut evidence put in the record by Plaintiffs. *See State v. Thomas*, 2017-Ohio-8011, ¶ 31 (rejecting evidence of weaponry unrelated to crimes at issue); *United States v. Warledo*, 557 F.2d 721, 724-26 (10th Cir. 1977) ("The courts have quite uniformly condemned the introduction in evidence of testimony concerning dangerous weapons, even though found in the possession of a defendant, which have nothing to do with the crime charged.").

Evidence of commendations or awards given to police-officer witnesses is likewise excluded. *See United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (commendations and special valor medal properly excluded under Fed. R. Evid. 404(a)(1) and as hearsay); *United States v. Washington*, 106 F.3d 983, 999- 1000 (D.C. Cir. 1997) (commendations not admissible under Fed. R. Evid. 404(a)(1), 405(a) or 405(b)); *United States v. Barry*, 814 F.2d 1400, 1402-04 (9th Cir. 1987) (commendations recognized as character evidence and properly excluded as irrelevant and hearsay). Finally, this Court excludes evidence concerning Officer Bowers' personal financial liability, financial insolvency, or poverty. *King v. Mason*, No. 2:18-CV-1060, 2023 WL 183957, at *13 (S.D. Ohio Jan. 13, 2023) ("Defendant Mason's financial situation has no relevance to his use of force against King. Additionally, the introduction of information regarding his finances runs a very real risk of prejudicing the jury.")

Accordingly, Plaintiff's motion in limine (ECF No. 65) is **GRANTED IN PART.** Counsel is instructed to confer with this Court in advance of presenting any evidence or argument subject to the rulings above. Additional objections to specific testimony or exhibits will be considered as they arise at trial.

## IV. CONCLUSION

For the foregoing reasons, this Court **GRANTS IN PART** Defendant's motion (ECF No. 62), and **GRANTS IN PART** Plaintiffs' Motion (ECF No. 65).

**IT IS SO ORDERED**.

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: February 27, 2025**