IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN HEETER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-6481 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| KENNETH BOWERS, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff's motion for partial reconsideration (ECF No. 105) of this Court's order, issued on February 27, 2025, granting Defendant's motion *in limine* to exclude "arguments or evidence regarding alleged bad tactics or planning that may have led to Officer Bowers' use of deadly force, with the caveat that, if a party opens the door to any one of these topics, the admission of rebuttal evidence on that topic becomes permissible." (ECF No. 98). Plaintiff seeks reconsideration of that order based on the Supreme Court's intervening decision in *Barnes v. Felix*, 145 S. Ct. 1353 (2025). (ECF No. 105). Defendant opposes the motion. (ECF No. 108). For the reasons stated below and on the record at the July 7, 2025 conference, this Court **GRANTS** Plaintiff's motion for reconsideration. (ECF No. 105).

**I.    STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *Rodriquez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The Sixth Circuit, however, has recognized that "[d]istrict courts have authority . . . to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment," and "to afford such relief from interlocutory orders as justice requires." *Rodriguez v. Tennessee*

1

*Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citation modified).[1] Traditionally, relief from an interlocutory ruling is appropriate "when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* (citation omitted). Motions to reconsider interlocutory orders "are not intended to relitigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Northeast Ohio Coalition for Homeless v. Brunner*, 652 F. Supp.2d 871, 877 (S.D. Ohio 2009).

## II. LAW AND ANALYSIS

In a unanimous opinion, the Supreme Court in *Barnes v. Felix*, 145 S. Ct. 1353 (2025) rejected the "moment-of-threat" rule for assessing reasonableness of use of force. The facts of the case involved Felix, a law enforcement officer, who pulled over Barnes for suspected toll violations. *Id.* at 1354. When Felix ordered Barnes to exit the vehicle, Barnes began to drive away. *Id.* As the car began to move forward, Felix jumped onto its doorsill and, two seconds later, fired two shots inside, killing Barnes. *Id.* Barnes's mother sued Felix on Barnes's behalf, alleging that Felix violated Barnes's Fourth Amendment right against excessive force. *Id.* The district court granted summary judgment to Felix, applying the "moment-of-threat" rule, qhich requires asking only whether an officer was "in danger at the moment of the threat that resulted in [his] use of deadly force." *Id.* (quoting *Barnes v. Felix*, 91 F.4th 393, 397 (5th Cir. 2024)). Under the

---

[1] Although motions for reconsideration are typically construed in the Sixth Circuit as either a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment, *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983), neither rule applies here as Plaintiff does not seek reconsideration of any final judgment. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). A ruling on a motion in limine is, by its nature, is "no more than a preliminary, or advisory, opinion . . . [and] the district court may change its ruling at trial for whatever reason it deems appropriate." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). Indeed, this Court recognized as much in its order in limine: "This Court's rulings are subject to reconsideration depending on how the evidence and argument is developed at trial." (ECF No. 98 at 6).

rule, events "leading up to the shooting" are "not relevant." *Id.* Because the "precise moment of threat" was the "two seconds" when Felix was clinging to a moving car, the shooting of Barnes was considered unlawful. *Id*. at 397–398.

The Supreme Court reversed, rejecting the "moment-of-threat" rule as "improperly narrowing the requisite Fourth Amendment analysis." 145 S. Ct. at 1356. Rather, to assess whether an officer acted reasonably in using force, the Supreme Court emphasized that a court must consider the "totality of the circumstances," i.e., "all the relevant circumstances, including facts and events leading up to the climactic moment." *Id*. That analysis, the Supreme Court explained, has "no time limit," *id.* at 1358; instead, a court must pay "'careful attention to the facts and circumstances' relating to the incident." *Id.* at 1354 (quoting *Graham*, 490 U.S., at 396). Although the situation "at the precise time of the shooting will often be what matters most . . . earlier facts and circumstances may bear on how a reasonable officer would have understood and responded to later ones." *Id.* In other words, context matters: Prior events may show "why a reasonable officer would have perceived otherwise ambiguous conduct of a suspect as threatening," or "why such an officer would have perceived the same conduct as innocuous." *Id.* "The history of the interaction, as well as other past circumstances known to the officer, thus may inform the reasonableness of the use of force." *Id.* at 1358.

Plaintiff's motion for reconsideration contends that, in light of *Barnes*, this Court should reconsider whether "the policies and officers' training," as well as other evidence showing that it was Defendant Kenneth Bowers actions that created all risk of death and injury in his interactions with Bill, may be admitted during Plaintiff Heeter's case in chief if a proper foundation is laid." (ECF No. 105 at 2). "Strictly limiting such evidence to rebuttal," according to Plaintiff, "does not comport with the confirmed breadth of the totality of the circumstances following *Barnes* . . . ."

3

(*Id.*). According to Plaintiff, this Court's order *in limine* relied on the Sixth Circuit's opinion in *Reich v. City of Elizabethtown*, 945 F.3d 968 (6th Cir. 2019), which she argues declined to engage the "argument that the officers created the need to use deadly force by pursuing and initiating contact with [the deceased] despite his mental illness" based on the now-prohibited temporal doctrine. (*See* ECF No. 105 at 1–2 (quoting *Reich*, 945 F.3d at 978 (internal quotation marks and citation omitted))). Plaintiff suggests that, following *Barnes,* courts can no longer follow *Reich* to focus "on the split-second judgment made immediately before the officer used allegedly excessive force," and thus need not ignore "the poor planning or bad tactics that might have created the circumstances that led to the use of force." (*Id.*).

Defendant, on the other hand, maintains that *Barnes* specifically did not "address . . . the different question . . . about use-of-force cases: whether or how an officer's own 'creation of a dangerous situation' factors into the reasonableness analysis," because the issue was not properly before it. (ECF No. 108 at 2 (quoting *Barnes*, 145 S. Ct. at 1360) (citing *Cty. of Los Angeles v. Mendez*, 581 U.S. 420, 429 (2017))). According to Defendant, in prior cases—that were not overturned by *Barnes*—the Supreme Court held that a plaintiff "cannot establish a Fourth Amendment violation based merely on bad tactics that result in a deadly confrontation that could have been avoided." (ECF No. 108 at 2 (citing *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. 600, 615 (2015); *Mendez*, 581 U.S. at 430 (rejecting the provocation rule as an unwarranted and illogical expansion of *Graham*). Defendant contends that *Barnes* did not alter the rule Plaintiff cannot establish a constitutional violation merely based on alleged "bad tactics" or argument that Officer Bowers' actions "created all risk of death and injury in his interactions with Bill Heeter." (ECF No. 108 at 2–3). Defendant, however, agrees "that evidence regarding Officer Bowers' compliance or noncompliance with CPD's training and policies (or national standards) is relevant

4

for explaining what occurred in this case, i.e. the totality of the circumstances." (*See* ECF No. 108 at 3).[2]

The Sixth Circuit has not yet had an opportunity to address the effect of *Barnes* on its excessive force jurisprudence. But on the same day *Barnes* was issued, the Sixth Circuit decided *Hart v. Michigan*, a case involving deadly force claims against a police officer who fired a tear gas canister at a close range to a racial justice demonstration attendee. *See Hart v. Michigan*, 138 F.4th 409, 421 (6th Cir. 2025). There, the Sixth Circuit instructed that the excessive force analysis is "fact-intensive," explaining that "[w]hen an officer uses *deadly* force, that force is unreasonable unless the officer has probable cause to believe that the suspect poses a[n] [imminent] threat of serious physical harm, either to the officer or to others." *Id.* (internal quotation marks omitted) (citing *Puskas v. Delaware County*, 56 F.4th 1088, 1093 (6th Cir. 2023); *Palma v. Johns*, 27 F.4th 419, 432 (6th Cir. 2022)).

Factors that weigh on "whether an officer reasonably believed that a person posed an imminent threat of serious bodily harm" include: "(1) why the officer was called to the scene; (2) whether the officer knew or reasonably believed that the person was armed; (3) whether the person verbally or physically threatened the officer or disobeyed the officer; (4) how far the officer was from the person; (5) the duration of the entire encounter; (6) whether the officer knew of any ongoing mental or physical health conditions that may have affected the person's response to the

---

[2] Before trial began, Plaintiff was asked to clarify what evidence she intended to present on the issue of "bad tactics" or "planning," as referenced in her Motion for Reconsideration. At the July 7, 2025 conference, Plaintiff explained that she intended to present expert testimony regarding relevant policies and training that officers receive for purpose of showing that Officer Bowers's use of force was unreasonable. Consistent with this written order, this Court allowed both parties to present evidence on departmental policies and officer training and further issued a jury instruction explaining the relevance of such evidence. (*See* ECF No. 122 at 34 ("Relevance of Police Policies, Standards, Guidelines, and Training").

officer; and (7) whether the officer could have diffused the situation with less forceful tactics." *Id.* (quoting *Palma*, 27 F.4th at 432 (internal citations omitted)).

*Hart* is consistent with the approach the Sixth Circuit took on interlocutory appeal in this case when it held that Officer Bowers' use of deadly force is "unconstitutional unless Officer Bowers had 'probable cause to believe' Mr. Heeter 'posed a significant threat of death or serious physical injury' to the officers in the room." *Heeter v. Bowers*, 99 F.4th 900, 912 (6th Cir. 2024) (quoting *Thomas v. City of Columbus*, 854 F.3d 361, 365 (6th Cir. 2017)); *see Tennessee v. Garner*, 471 U.S. 1, 3 (1985)) (alteration omitted). In making that determination, the Sixth Circuit explained that it "may consider why the officers were called to the Heeter residence as well as whether Mr. Heeter's words or actions show he resisted, disobeyed, or otherwise acted aggressively towards the officers." *Heeter*, 99 F.4th at 913 (citing *Palma*, 27 F.4th at 432; *Wilkerson*, 906 F.3d at 482).

Both parties further agree that, under *Barnes,* the "inquiry into the reasonableness of police force requires analyzing the totality of the circumstances." *Barnes*, 145 S. Ct. at 1358 (internal quotations omitted). And neither party disputes that, post-*Barnes*, the jury is still required to consider whether "the force deployed [is] objectively reasonable from 'the perspective of a reasonable officer at the scene,'" *Id.* at 1354 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). *Barnes'* renewed emphasis on the "totality of circumstances" approach is thus consistent with the Sixth Circuit's analysis in *Hart* and *Heeter*, in that the jury must evaluate Officer Bowers's actions "from the perspective of a reasonable officer in his position, recognizing that he made the 'split-second' decision to shoot Mr. Heeter without the benefit of hindsight." *See Heeter*, 99 F.4th at 912 (internal quotation marks and citation omitted)); *see also Hart*, 138 F.4th at 417 ("Taking into consideration that police officers are often forced to make split-second judgments under tense,

6

uncertain, and rapidly evolving conditions, the particular use of force must be judged from the perspective of a reasonable officer on the scene, not with the 20/20 vision of hindsight." (citation modified)).

To be sure, "[t]he Fourth Amendment . . . does not require police officers to take the better approach[,] . . . only that they take a reasonable approach." *Cook v. Bastin*, 590 Fed.Appx. 523, 528 (6th Cir. 2014). Indeed, "so long as 'a reasonable officer could have believed that his conduct was justified,' . . . an expert's report that an officer's conduct leading up to a deadly confrontation was imprudent, inappropriate, or even reckless,'" does not, **_on its own_**, establish a Fourth Amendment violation. *See Roell v. Hamilton Cnty., Ohio/Hamilton Cnty. Bd. of Cnty. Commissioners*, 870 F.3d 471, 486 (6th Cir. 2017). Nonetheless, the jury may still "evaluate the officers' use of certain tactics 'in light of testimony regarding the training that [the officers] received.'" *Martin v. City of Broadview Heights*, 712 F.3d 951, 960 (6th Cir. 2013) (quoting *Griffith v. Coburn*, 473 F.3d 650, 657 (6th Cir. 2007)).

Consistent with this precedent as well as *Barnes*' totality-of-the circumstances approach, this Court grants the Motion for Reconsideration. As this Court's oral ruling on July 7, 2025 recognized, departmental policies and guidelines—which provide objective standards for officer conduct—are probative as to how an objectively reasonable officer in Officer Bowers's position would have acted. Accordingly, the parties may present expert testimony regarding relevant policies and training to show whether Defendant Bower's actions were objectively reasonable under the circumstances. Moreover, to alleviate any concerns about jury confusion as to the relevance of CPD policies and officer training, this Court instructed the jury that, even if Plaintiff proves that Defendant violated departmental policies and procedures, Plaintiff must still prove that

7

Defendant's actions was objectively unreasonable based on the totality of the circumstances. (*See* ECF No. 122 at 34 ("Relevance of Police Policies, Standards, Guidelines, and Training")).

### III. CONCLUSION

For the foregoing reasons, and the reasons stated on the record at the July 7, 2025 conference, this Court **GRANTS** Plaintiff's motion for reconsideration. (ECF No. 105).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: July 25, 2025**